UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON D. RICHARDSON                      CIVIL ACTION

VERSUS                                      NO: 09-7383

U.S. BANK NATIONAL ASSOC., ET               SECTION: R(1)
AL.

## SUMMARY ORDER

Plaintiff Clifton Richardson filed a *pro se* complaint against defendant U.S. Bank National Association on November 25, 2009.[1] The complaint alleged that Richardson was the winning bidder in a sheriff's sale of property located at 9348 Water Tower Street in Convent, Louisiana on November 1, 2006, but that the Saint James Parish sheriff's office refused to issue him a deed to the property. The complaint sought to enjoin or unwind a transfer of this property to U.S. Bank on November 23, 2009. On February 19, 2010, Richardson filed an amended complaint naming Willy J. Martin, sheriff of St. James Parish, as an additional

---

[1]   (R. 1.)

defendant.[2] The amended complaint asserts a breach of contract claim. Neither the complaint nor the amended complaint includes a jury demand. On March 25, 2010, Martin answered Richardson's amended complaint. On April 8, 2010, Richardson moved for trial by jury.[3] Martin opposes the motion on grounds that Richardson did not file a timely jury demand.

Under the Federal Rules of Civil Procedure, a party must demand a jury trial "no later than 14 days after the last pleading directed to the issue is served."[4] Typically, the "last pleading directed to" an issue is an answer or reply to a counterclaim.[5] A party waives his right to a jury trial if a demand is not properly served and filed.[6]

Richardson has not waived his right to a jury trial. Richardson filed his motion for trial by jury on April 8, 2010 -- exactly 14 days after Martin filed his answer. Martin's answer is the "last pleading directed to" Richardson's claims.[7] Because

---

[2] (R. 6.)

[3] (R. 11, 12.)

[4] Fed. R. Civ. P. 38(b)(1).

[5] *In re Texas Gen. Petroleum Corp*, 52 F.3d 1330, 1336 (5th Cir. 1995).

[6] Fed. R. Civ. P. 38(d).

[7] *In re Texas Gen.*, 52 F.3d at 1336.

Richardson's jury demand was filed no later than 14 days after Martin filed his answer, the demand was timely under Rule 38(b). Martin points out that "amended pleadings that do not introduce new issues of fact do not renew a right to jury trial that has been waived," but this is a red herring.[8] Richardson has not waived his right to a jury trial with respect to his original complaint because U.S. Bank still has not answered Richardson's original complaint.[9]

The Court finds that Richardson filed a timely jury demand and therefore GRANTS Richardson's motion for trial by jury.

New Orleans, Louisiana, this 26th day of April, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8] *Id.*

[9] *See McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990) ("In this case, no answer was filed to either the original complaint or the first amended complaint. The answer to the second amended complaint was not filed until August 26, 1985, after plaintiff had made a jury demand. There was thus no waiver by reason of a late demand.").