```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CLIFTON D. RICHARDSON                        CIVIL ACTION

VERSUS                                       NO: 09-7383

U.S. BANK NATIONAL ASSOC., ET                SECTION: R(1)
AL.
```

**SUMMARY ORDER**

Plaintiff Clifton Richardson filed a *pro se* complaint against defendant U.S. Bank National Association on November 25, 2009.[1] The complaint alleged that Richardson was the winning bidder in a sheriff's sale of property located at 9348 Water Tower Street in Convent, Louisiana on November 1, 2006, but that the Saint James Parish sheriff's office refused to issue him a deed to the property. The complaint sought to enjoin or unwind the transfer of the property to U.S. Bank. On February 19, 2010, Richardson filed an amended complaint naming Willy J. Martin, sheriff of St. James Parish, as an additional defendant.[2] The amended complaint asserts a breach of contract claim. On May 14, 2009, Richardson's complaint against U.S. Bank National Association was dismissed without prejudice for failure to prosecute.[3]

Richardson has now filed an assortment of motions.

---

[1]  (R. 1.)

[2]  (R. 6.)

[3]  (R. 19.)

First, Richardson moves the court to conduct an investigation into the sale and foreclosure department of the St. James Parish Sheriff's Office.[4] In the United States, federal judges do not gather evidence.[5] The Court cannot conduct discovery for Richardson, and it does not appear that Richardson is seeking to compel discovery that he has already propounded. Richardson's motion for an investigation is DENIED.

Second, Richardson seeks a declaration that he is the rightful owner of the 9348 Water Tower Street property, and that the alleged transfer of the property from U.S. Bank to Rowdy and Janene Scott on November 23, 2009 was illegal, fraudulent and void.[6] Rowdy and Janene Scott have never been parties to this action, however, and U.S. Bank has already been dismissed. The Court does not have personal jurisdiction over these non-parties,[7] and the Court therefore lacks power to enjoin their

---

[4]    (R. 17.)

[5]    *See, e.g., U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 753-54 (7th Cir. 2008) ("The argument reflects a misunderstanding of the difference between a common law system, such as that of the United States, and a civil law system . . . In the former, the burden of investigation falls on the parties' lawyers, and discovery procedures are designed to facilitate party investigation. In the latter, the burden of investigation falls on the judges, and the role of the lawyers is correspondingly diminished.").

[6]    (R. 20, 21.)

[7]    *See, e.g., Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural

actions or issue a judgment against them.[8] To the extent Richardson attempts to bring this action *in rem* against the 9348 Water Tower Street property, he has not demonstrated that he has provided constitutionally sufficient notice to potential claimants of the property.[9] Because the Court lacks jurisdiction to afford the relief Richardson seeks, Richardson's motions for declaratory relief are DENIED.

Third, Richardson has filed two motions for summary judgment.[10] Both appear to seek an order requiring defendant Willy Martin to return personal property allegedly taken from Richardson's house on March 28, 2008. The motions do not include an affidavit or any other evidence establishing that Martin

---

requirement of service of summons must be satisfied.").

[8] *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."); *Ins. Co. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982) ("A district court must have personal jurisdiction over a party before it can enjoin its actions.").

[9] *See, e.g.*, Fed. R. Civ. P. 4(n)(1) ("Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule."); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.").

[10] (R. 24, 32.)

unlawfully took property from Richardson's house on March 28, 2008. Richardson has failed to demonstrate the absence of any genuine issue of material fact, and he is not entitled to summary judgement.[11] Richardson's motions for summary judgment are DENIED.

Finally, Richardson has filed motions to prosecute defendant Willy Martin, U.S. Bank, and Rowdy and Janene Scott.[12] The United States Constitution divides power among three branches of government.[13] Under this tripartite scheme, the executive branch alone is charged with faithfully executing the laws.[14] To help preserve this executive prerogative, the decision "whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the executive branch's] discretion."[15] "This broad discretion rests largely on the

---

[11] *See* Fed. R. Civ. P. 56(c)(2) (Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[12] (R. 26, 33.)

[13] U.S. Const. Arts. I, II and III.

[14] U.S. Const. Art. II, § 3, cl. 4 (providing that the president "shall take Care that the laws be faithfully executed").

[15] *Wayte v. United States*, 470 U.S. 598, 607 (1985); *United States v. Lawrence*, 179 F.3d 343, 347-48 (5th Cir. 1999) (same); *In re Grand Jury Proceedings*, 613 F.2d 501, 504-05 (5th

recognition that the decision to prosecute is particularly ill-suited to judicial review."[16] In this case, the Court would far overstep its constitutional boundaries were it to order the criminal prosecution of Willy Martin, U.S. Bank, and Rowdy and Janene Scott. Richardson's motions for prosecution are DENIED.

New Orleans, Louisiana, this 4th day of June, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

Cir. 1980) ("the executive branch has discretionary power to control criminal prosecutions, and as an incident of the constitutional separation of powers, the courts are not to interfere with the free exercise of that power.").

[16] *Wayte*, 470 U.S. at 607.