UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CLIFTON D. RICHARDSON                        CIVIL ACTION

VERSUS                                       NO: 09-7383

U.S. BANK NATIONAL ASSOC., ET                SECTION: R(1)
AL.

                         **ORDER AND REASONS**

   Before the Court is defendant Willy J. Martin's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] For the following reasons, Martin's motion is DENIED.

   Plaintiff Clifton Richardson filed a complaint *pro se* and *in forma pauperis* on November 25, 2009 against U.S. Bank National Association (U.S. Bank).[2]  The complaint alleged that Richardson was the winning bidder in a sheriff's sale of property located at 9348 Water Tower Street in Convent, Louisiana on November 1, 2006, but that the Saint James Parish Sheriff's Office refused to issue him a deed to the property.  The complaint sought to enjoin or unwind the transfer of this property to U.S. Bank.  On

---

   [1]   (R. Doc.

   [2]   (R. Doc. 1.)

February 19, 2010, Richardson filed an amended complaint naming Willy J. Martin, sheriff of St. James Parish, as an additional defendant.[3] The amended complaint asserts a breach of contract claim. Summons were issued, but only the summons issued for Martin was returned executed by the United States Marshals Service.[4] On May 14, 2010, the Court dismissed Richardson's complaint against U.S. Bank for failure to prosecute.[5]

In May 2010, Richardson filed an assortment of motions, including: (1) a motion for the Court to conduct an investigation into the sale and foreclosure department of the St. James Parish Sheriff's Office;[6] (2) two motions for a declaration that he is the rightful owner of the 9348 Water Tower Street property and that the alleged transfer of the property to Rowdy and Janene Scott on November 23, 2009 was illegal, fraudulent, and void;[7] (3) two summary judgment motions seeking return of personal property allegedly taken from Richardson's home on March 28, 2008;[8] (4) and two motions to prosecute Martin, U.S. Bank, and

---

[3]   (R. Doc. 6.)

[4]   (R. Doc. 10.)

[5]   (R. Doc. 19.)

[6]   (R. Doc. 17.)

[7]   (R. Doc. 20, 21.)

[8]   (R. Doc. 24, 32.)

Rowdy and Janene Scott.[9]  The Court denied these motions on June 4, 2010.[10]

Martin now seeks Rule 11 sanctions against Richardson for filing frivolous motions with no evidentiary support and without making a reasonable inquiry into the law.[11]  Martin, however, did not comply with the mandates of Rule 11(c)(2) in bringing this motion.  Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(c)(2).[12]  Martin does not represent to the Court, nor does the record reflect, that he first served Richardson with his motion for Rule 11 sanctions and allowed Richardson 21 days to withdraw or appropriately correct his motions.  *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the district court's imposition of sanctions under

---

[9]  (R. Doc. 26, 33.)

[10]  (R. Doc. 35.)

[11]  (R. Doc. 37.)

[12]  Although the language of Rule 11 was amended in 2007, the Advisory Committee Note makes clear that these amendments were purely stylistic, made "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules."  Fed. R. Civ. P. 11, Advisory Committee Note to the 2007 Amendment.

Rule 11 was an abuse of discretion because the party seeking sanctions did not serve its motion for sanctions against the opposing party at least 21 days prior to filing); *Johnson ex. rel. Wilson v. Dowd*, 345 Fed. Appx. 26, 30 (5th Cir. 2009) (affirming the district court's imposition of Rule 11 sanctions, in part, because plaintiff was served with the motion for sanctions 21 days before the motion was filed with the court); *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (discussing Rule 11's "strict requirement" that a motion be served on the opposing party 21 days prior to filing). Further, although Martin represents to the Court that his motion for sanctions is warranted under the requirements of Rule 11, Martin omits the above-cited portion of Rule 11 from his analysis.

Because Martin did not comply with the strict notice requirements of Rule 11 and did not give Richardson an opportunity to withdraw or correct any of his motions before filing this motion with the Court, the Court DENIES Martin's motion for sanctions.[13]

---

[13] The Court notes that Richardson filed two additional motions two days after Martin filed his motion for Rule 11 sanctions. (R. Doc. 38, 39.) There is no indication in the record, however, that Martin provided Richardson with the required 21-day notice with regard to these motions either.

New Orleans, Louisiana, this 29th day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE