UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON D. RICHARDSON                      CIVIL ACTION

VERSUS                                     NO: 09-7383

U.S. BANK NATIONAL ASSOC., ET              SECTION: R(1)
AL.


SUMMARY ORDER

Plaintiff Clifton Richardson filed a complaint *pro se* and *in forma pauperis* on November 25, 2009 against U.S. Bank National Association (U.S. Bank).[1]  The complaint alleged that Richardson was the winning bidder in a sheriff's sale of property located at 9348 Water Tower Street in Convent, Louisiana on November 1, 2006, but that the Saint James Parish Sheriff's Office refused to issue him a deed to the property.  The complaint sought to enjoin or unwind the transfer of this property to U.S. Bank.  On February 19, 2010, Richardson filed an amended complaint naming Willy J. Martin, sheriff of St. James Parish, as an additional defendant.[2]  The amended complaint asserts a breach of contract

---

[1]    (R. Doc. 1.)

[2]    (R. Doc. 6.)

claim.  Summons were issued, but only the summons issued for Martin was returned executed by the United States Marshals Service.[3]  On May 14, 2010, the Court dismissed Richardson's complaint against U.S. Bank for failure to prosecute.[4]

In May 2010, Richardson filed an assortment of motions, including: (1) a motion for the Court to conduct an investigation into the sale and foreclosure department of the St. James Parish Sheriff's Office;[5] (2) two motions for a declaration that he is the rightful owner of the 9348 Water Tower Street property and that the alleged transfer of the property to Rowdy and Janene Scott on November 23, 2009 was illegal, fraudulent, and void;[6] (3) two summary judgment motions seeking return of personal property allegedly taken from Richardson's home on March 28, 2008;[7] (4) and two motions to prosecute Martin, U.S. Bank, and Rowdy and Janene Scott.[8]  The Court denied these motions on June 4, 2010.[9]

Richardson has now filed two additional motions.  First,

---

[3]   (R. Doc. 10.)

[4]   (R. Doc. 19.)

[5]   (R. Doc. 17.)

[6]   (R. Doc. 20, 21.)

[7]   (R. Doc. 24, 32.)

[8]   (R. Doc. 26, 33.)

[9]   (R. Doc. 35.)

Richardson appears to seek an entry of default judgment against U.S. Bank for its failure to answer allegations in his complaint regarding the property at 9348 Water Tower Street.[10]  U.S. Bank, however, is no longer a party to this case.[11]  The Court does not have personal jurisdiction over U.S. Bank, *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."), and therefore lacks the power to enter a default judgment against it, *see Zenith Radio Corp. v. Hazeltine Research*, *Inc*., 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."); *System Pipe & Supply, Inc, v. M/V VIKTOR KURNATOVSKI*, 242 F.3d 322, 324 (5th Cir. 2001) ("We previously have determined that a judgment entered without personal jurisdiction is void.  It should therefore be apparent that a district court has the duty to assure that it has the power to enter a valid default judgment.").  Accordingly, the Court DENIES the motion.

Second, Richardson appears to seek an entry of default judgment against Martin for Martin's failure to answer

---

[10]    (R. Doc. 38.)

[11]    (R. Doc. 19.)

3

allegations regarding the return or replacement of personal property allegedly taken from Richardson's home on March 28, 2008.[12]  Richardson did not include these allegations in his first or amended complaint,[13] and he has not shown, by affidavit or otherwise, that Martin has failed to defend any of the allegations against him.  Richardson has therefore not defaulted, *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."), and entry of default judgment is inappropriate, *see Husin v. Casino Control Com'n*, 265 Fed Appx. 130, 133 (3d Cir. 2008) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, Federal Practice and Procedure* § 2682 (2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")).  To the degree Richardson's motion can be construed as a motion for summary judgment, Richardson has not included an affidavit or any other evidence establishing that Martin unlawfully took property from his home, and he has failed to demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(2) (stating that summary judgment is appropriate when "the

---

[12]   (R. Doc. 39.)

[13]   (R. Doc. 1, 6.)

4

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court thus DENIES Richardson's motion.

New Orleans, Louisiana, this 29th day of October, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

5