UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON D. RICHARDSON                         CIVIL ACTION

VERSUS                                         NO: 09-7383

U.S. BANK NATIONAL ASSOC., ET                  SECTION: R(1)
AL.


### ORDER AND REASONS

Before the Court are defendant Willy J. Martin, Jr.'s motion for summary judgment[1] and plaintiff Clifton G. Richardson's cross motions for damages and summary judgment.[2]  Because the Court finds that there is no basis for subject matter jurisdiction, Richardson's claims are DISMISSED.


I.    **BACKGROUND**

Richardson filed a complaint *pro se* and *in forma pauperis* on November 25, 2009 against U.S. Bank National Association (U.S. Bank).[3]  The complaint alleges that Richardson was the winning

---

[1]    (R. Doc. 45.)

[2]    (R. Doc. 50; R. Doc. 52.)

[3]    (R. Doc. 1.)

bidder in a sheriff's sale of property located at 9348 Water Tower Street in Convent, Louisiana on November 1, 2006, but that the St. James Parish Sheriff's Office refused to issue him a deed to the property.  On February 19, 2010, Richardson filed an amended complaint naming Willy J. Martin, sheriff of St. James Parish, as an additional defendant.[4]  In the amended complaint, Richardson seeks to cancel the transfer of the property to U.S. Bank.  Summons were issued, but only the summons issued for Martin was returned executed by the United States Marshals Service.[5]  On May 14, 2010, the Court dismissed Richardson's complaint against U.S. Bank for failure to prosecute.[6]

In May 2010, Richardson filed an assortment of motions, including: (1) a motion for the Court to conduct an investigation into the sale and foreclosure department of the St. James Parish Sheriff's Office;[7] (2) two motions for a declaration that he is the rightful owner of the 9348 Water Tower Street property and that the alleged transfer of the property to Rowdy and Janene Scott on November 23, 2009 was illegal, fraudulent, and void;[8] (3) two summary judgment motions seeking return of personal

---

[4]   (R. Doc. 6.)

[5]   (R. Doc. 10.)

[6]   (R. Doc. 19.)

[7]   (R. Doc. 17.)

[8]   (R. Doc. 20, 21.)

property allegedly taken from Richardson's home on March 28, 2008;[9] (4) and two motions to prosecute Martin, U.S. Bank, and Rowdy and Janene Scott.[10]  The Court denied these motions on June 4, 2010.[11]

On June 11, 2010, Richardson filed two additional motions. The first appeared to seek an entry of default judgment against U.S. Bank for its failure to answer allegations in his complaint regarding the property at 9348 Water Tower Street.[12]  The second motion appeared to seek an entry of default judgment against Martin for Martin's failure to answer allegations regarding the return or replacement of personal property allegedly taken from Richardson's home on March 28, 2008.[13]  The Court denied these motions on October 29, 2010.[14]

Martin now moves for summary judgment,[15] and Richardson moves for damages and summary judgment.[16]

---

[9]     (R. Doc. 24, 32.)

[10]    (R. Doc. 26, 33.)

[11]    (R. Doc. 35.)

[12]    (R. Doc. 38.)

[13]    (R. Doc. 39.)

[14]    (R. Doc. 44.)

[15]    (R. Doc. 45.)

[16]    (R. Doc. 50; R. Doc. 51.)

## II.   DISCUSSION

If a federal court is convinced that it lacks subject matter jurisdiction over a case, it has "a duty to raise the issue of subject-matter jurisdiction *sua sponte*." *American Heritage Life Inc. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (quoting *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 27 F.3d 326, 328 (5th Cir. 2000). A federal court may not entertain a case unless authorized to do so by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The jurisdiction of federal courts extends to actions that involve a federal question, diversity suits, admiralty actions, suits against foreign states, and bankruptcy proceedings. *See* 28 U.S.C. §§ 1330-34. Moreover, there is a presumption against subject matter jurisdiction "that must be rebutted by the party bringing an action to federal court." *Id.*

The Court finds that Richardson has not carried his burden in rebutting the presumption against subject matter jurisdiction. The Court first notes that Richardson alleges no basis for jurisdiction in his original or amended complaint. Nor does he provide the Court with a basis for jurisdiction in his cross motions for damages and summary judgment. Nevertheless, because Richardson is appearing *pro se*, the Court construes his pleadings liberally. Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity

4

jurisdiction under 28 U.S.C. § 1332.

The Court finds that there is no basis for federal question jurisdiction here under 28 U.S.C. § 1331.  Although the grounds for Richardson's suit are not entirely clear, he does not identify a federal cause of action.  Instead, Richardson appears to seek equitable relief, asking the Court to cancel the transfer of the property located at 9348 Water Tower Street to U.S. Bank by Sheriff Martin.  Richardson also seeks the return of $37,051.39, which he apparently paid to the law firm of Dean Martin, LLP.[17]  Neither remedy is rooted in federal law. Accordingly, the Court finds that Richardson has not raised a federal question that could provide a basis for subject matter jurisdiction.

In addition, there is not diversity of citizenship under 28 U.S.C. § 1332.  Richardson's original complaint states that he is a "resident in the parish of St. James La, [sic] 70090."[18] Richardson also lists his address as in the city of New Orleans, Louisiana.[19]  There is no indication in the record that Richardson is a citizen of any other state.  Although Richardson does not indicate whether he intended to name Martin as a defendant in his individual capacity or in his official capacity

---

[17]   (R. Doc. 1 at 4; R. Doc. 50 at 4.)

[18]   (R. Doc. 1 at 2.)

[19]   (*Id.* at 4.)

as sheriff of St. James Parish, it is presumed by operation of law that a defendant is named in his official capacity unless otherwise specified.  *See Able Sec. and Patrol, LLC v. Louisiana*, 2010 WL 1294053, *3 (E.D. La. 2010); *Stokes v. Culver*, 2008 WL 4724306, *4 (E.D. La. 2008); *see also Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262 (2000). Moreover, a suit brought against a person acting in his official capacity as sheriff is considered a suit against the parish.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).  And for the purposes of diversity of citizenship, political subdivisions are "citizens" of their respective states. *Illinois v. City of Milwaukee, Wis*, 406 U.S. 91, 97-98 (1972). Because Richardson's suit against Martin is a suit against St. James Parish, and St. James Parish is located in the state of Louisiana, there is not diversity of citizenship.  The Court thus lacks jurisdiction under § 1332.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Richardson's action for lack of subject matter jurisdiction WITHOUT PREJUDICE.

New Orleans, Louisiana, this 14th day of December, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE